UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLAN LANSBURY,

                      Plaintiff,

    -against-

MASSEY, MARIA B, Supervisor;

                      Defendants.
-------------------------------------------------------------X

**FILED**
**CLERK**
For Online Publication Only
1/18/2023 4:14 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
22-CV-6447 (JMA)(ST)

**AZRACK, District Judge:**

On October 21, 2022, incarcerated pro se plaintiff Allan Lansbury ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against "Massey" and "Maria B" who is identified as a "supervisor" at Massey, located at 1251 1th Avenue in Chippewa Falls, Wisconsin[1] together with an application to proceed in forma pauperis ("IFP"). (See Complaint, ECF No. 1, IFP App., ECF No. 2.)   Given that Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA"), by Notice of Deficiency dated October 24, 2022, Plaintiff was instructed to complete and return the enclosed PLRA in order for the case to proceed.   (See ECF No. 3.)   On November 3, 2022, Plaintiff timely filed the PLRA.   (See ECF No. 6.)

Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.   See 28 U.S.C. § 1915(a)(1).   Accordingly, for the reasons that follow, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## I.    BACKGROUND

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

---

[1] The Court understands that Plaintiff intends to sue Masseys, an on-line retailer with that address. See https://www.masseys.stoneberry.com (last visited on January 18, 2023).

form. In its entirety, Plaintiff's statement of claim alleges that, on April 3, 2019:[2]

> Somebody order some stuff on line using my name and my account number from the company Massey I didn't give any primition for my account to be use by anyone or for anything at any time.

(Compl. at 4, ¶ II.) Plaintiff left blank the space on the form complaint that calls for a description of any injuries. (Id. at 4, ¶ II.A.) For relief, Plaintiff "would like for my account to be cleared or to be pay $75,100." (Id. at 5, ¶ III.)

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.   Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the

3

Constitution and laws, shall be liable to the party injured….

42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Lack of State Action

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. Thus, private parties are not generally liable under Section 1983. Here, the defendants are a private retailer and an employee alleged to be a supervisor there. (See Compl., ECF No. 1.) Private conduct is generally beyond the reach of § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Coleman v. City of N.Y., et al., 18-CV-11819, 2020 WL 905709, *3 (S.D.N.Y. Feb. 25, 2020) (dismissing Section 1983 claims against Dollar Tree Store, Inc., and several of its employees, because they are not state actors and did not operate under color of state law); Fletcher

4

v. Walmart Stores, Inc., 15-CV-1859, 2006 WL 2521187, at *4 (S.D.N.Y. Aug. 28, 2006) (dismissing Section 1983 claims against Walmart Stores, Inc. and several of its employees, including its private security guard, because none of the defendants were state actors, nor were they acting under color of law); Guiducci v. Kohl's Dep't Stores, Inc., 320 F. Supp. 2d 35, 37-39 (E.D.N.Y. 2004) (dismissing Section 1983 claims because "the Kohl's security guard is not a state actor within the meaning of the civil rights statute") (collecting cases)).

Given that Plaintiff names purely private defendants, his Section 1983 claims are not plausible. An essential element of a Section 1983 claim is state action. See, e.g., Cornejo, 592 F.3d at 127; Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (a plaintiff must also show that the defendant was either a state actor, or a private individual who acted "under color of state law"). However, private individuals who are not state actors may be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. Ciambriello, 292 F.3d at 323; Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012). As is readily apparent, Plaintiff's sparse allegations do not include any facts from which the Court could reasonably construe a basis to find state action. Thus, Plaintiff's Section 1983 claims are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915(A)(b)(1).[3]

Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

---

[3] Moreover, Plaintiff has not alleged a constitutional deprivation. Given that neither prong of a plausible Section 1983 is met, Plaintiff's Section 1983 claims are not plausible and are thus dismissed.

5

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### 2. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is denied.

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief. Leave to amend the complaint is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall enter judgment accordingly, mail a copy of this Order to the Plaintiff at his last known address, note such mailing on the docket, and close this case.

**SO ORDERED.**

Dated:   January 18, 2023              /s/ (JMA)
         Central Islip, New York      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE